**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JACQUELINE CORTES,**

Plaintiff,

v.

**CITY OF KISSIMMEE,**
**a Florida municipality;**

**CHARLES BROADWAY,**
**Chief of Police, City of Kissimmee,**
**in his official capacity;**

**TERRY L. RHODES,**
**Executive Director, Florida Department of Highway**
**Safety and Motor Vehicles, in her official capacity;**

**PROGRESSIVE AMERICAN INSURANCE COMPANY,**
**a foreign corporation doing business in Florida,**

Defendants.

---

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**

---

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this District and a substantial part of the events giving rise to the claims occurred here.

---

## II. PARTIES

4. Plaintiff Jacqueline Cortes is a resident of Kissimmee, Florida.

5. Defendant City of Kissimmee is a municipal entity responsible for enforcement practices described herein.

6. Defendant Chief Charles "Chuck" Broadway is sued in his official capacity.

7. Defendant Terry L. Rhodes is sued in her official capacity.

8. Defendant Michael Yaworsky is sued in his official capacity.

9. Defendant Progressive American Insurance Company is a corporation acting under color of state law through participation in enforcement-linked reporting and compliance systems.

## III. FACTUAL ALLEGATIONS

10. Florida's compulsory automobile insurance system operates in conjunction with automated enforcement mechanisms that rely on insurer reporting, administrative databases, and suspension procedures.

11. These mechanisms function without meaningful pre-deprivation hearings or individualized determinations.

12. The system results in automatic or near-automatic deprivation of driving privileges and financial impositions.

13. Plaintiff has maintained insurance coverage but is subjected to recurring financial burdens and regulatory pressures linked to these enforcement systems.

14. These procedures lack adequate safeguards to prevent erroneous or arbitrary deprivations.

## IV. MUNICIPAL LIABILITY (MONELL)

15. The challenged practices are carried out pursuant to official municipal policies, procedures, and longstanding practices.

16. These are not isolated acts but systematic enforcement mechanisms.

17. The City's failure to provide adequate procedural safeguards constitutes deliberate indifference to constitutional rights.

## V. COUNT I — PROCEDURAL DUE PROCESS

(Fourteenth Amendment)

18. Plaintiff incorporates all preceding paragraphs.

19. Defendants' enforcement system deprives individuals of property and liberty interests without adequate notice and meaningful opportunity to be heard.

20. The procedures used create a high risk of erroneous deprivation.

## VI. COUNT II — SUBSTANTIVE DUE PROCESS

(Fourteenth Amendment)

21. Plaintiff incorporates all preceding paragraphs.

22. The enforcement scheme is arbitrary and excessive relative to legitimate governmental interests when implemented without individualized review.

## VII. COUNT III — EQUAL PROTECTION

(Fourteenth Amendment)

23. Plaintiff incorporates all preceding paragraphs.

24. The system disproportionately burdens individuals with limited financial resources and caregiving obligations, without rational tailoring.

## VIII. DAMAGES

25. Plaintiff has suffered financial loss, stress, and deprivation of protected interests.

26. These injuries were proximately caused by Defendants acting under color of state law.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Declaratory Relief declaring that the enforcement mechanisms and procedures described herein violate Plaintiff's rights under the Fourteenth Amendment to the United States Constitution;

B. Injunctive Relief requiring Defendants to implement constitutionally adequate procedures that provide meaningful notice and opportunity to be heard before deprivation of protected interests;

C. Compensatory Damages against the municipal and non-immune defendants in an amount to be determined at trial;

D. Prospective Declaratory and Injunctive Relief against the state official defendants, and Plaintiff does not seek monetary damages from those defendants in their official capacities;

E. Costs of this action and any other relief the Court deems just and proper.

---

## X. DECLARATION

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 30, 2026.

*Jacqueline Cortes*

Jacqueline Cortes
Plaintiff Pro Se
Angel.cortes1980s@gmail.com